```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


R.F. and J.F., as Parents and    :    CIVIL ACTION
Nearest Friends of N.F.          :
                                 :
         v.                      :
                                 :
WARWICK SCHOOL DISTRICT          :    NO. 06-0257-JF
```

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                    January 15, 2009

The plaintiffs, parents of an autistic child, filed a complaint against the defendant Warwick School District pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. (2007), challenging the final decision of the Pennsylvania Special Education Appeals Panel. The parties have filed cross-motions for summary judgment.

R.F. was born in Romania in 1993 and was adopted from a Romanian orphanage at the age of two and a half years. He has been diagnosed with severe autism, along with other impairments. Because of the severity of his impairments, R.F. is entitled to year-round educational services.

The parties participated in an administrative hearing and in a decision dated December 6, 2003, the Hearing Officer ordered the District to provide compensatory education for four time periods: December 1, 2001 - June 1, 2002; Summer 2002; September 1, 2002 - October 25, 2002; and Summer 2003. No prospective compensatory education for the 2003-2004 school year was ordered. Both sides filed objections, and the Pennsylvania

Special Education Due Process Appeals Review Panel ruled on January 21, 2004, that N.F. was entitled compensatory education for the Summer 2002 and the Summer 2003 period only. The parents appealed to this Court.

As required by law, the District prepared an Individualized Education Plan ("IEP") for N.F. for each of the years in question. "[T]he measure and adequacy of an IEP can only be determined as of the time it is offered to the student, and not at some later date. . . . Neither the statute nor reason countenance 'Monday Morning Quarterbacking' in evaluating the appropriateness of a child's placement." Fuhrmann v. East Hanover Bd. of Educ., 993 F.2d 1031, 1040 (3d Cir. 1993).

The 2001 IEP for N.F. provided for Applied Behavior Analysis education in school for 5.5 hours per day along with appropriate occupational and speech therapy. However, the parents withdrew the child from school on November 26, 2001 because of suspected abuse and restraint of the child. The District began providing in-home instruction by a certified special education teacher for 10-20 hours per week, but the parents allege there was no therapy. The parties then agreed to place the child at the Vista School, a Pennsylvania school for autistic children, but the child's behavior was too extreme for that institution. The in-home instruction continued for the rest of the school year.

The Hearing Officer awarded compensatory education for the period N.F. received in-home instruction, but the Appeals Panel reversed this award, determining that the parents had approved the 2001 IEP and withdrew the student from school not because the IEP was inappropriate but because they were concerned that he was being abused and that the IEP was not being implemented.

In the October 2002 IEP the District proposed placing N.F. at the Fairland School in a specialized class with two other students, ages 14 and 18.  The parents objected and requested a due process hearing, but withdrew the request when N.F. was admitted to Kennedy Krieger, a psychiatric facility, where he remained for seven months.

The Hearing Officer awarded compensatory time for the beginning of the 2002 school year (September 1 until hospitalization on October 25), but again the Appeals Panel reversed, limiting the award to the summer.  The Appeals Panel determined that for the September 1, 2002 through October 25, 2002 period the District had provided homebound instruction and had offered an appropriate placement, which the parents rejected because they were awaiting placement at Kennedy Krieger.  The Appeals Panel held that the District had offered N.F. FAPE (Free and Appropriate Public Education) and the IEP was not inappropriate.

The decision of the Appeals Panel must be accorded "due weight." Carlisle Area School v. Scott P., 62 F.3d 520, 524 (3d Cir. 1995). "Due weight" has been defined as "modified *de novo* review." S.H. v. State-Operated Sch. Dist., 336 F.3d 260, 270 (3d Cir. 2003).  Notably, although the Third Circuit in the past placed the burden of demonstrating compliance with the IDEA on the school district, the Supreme Court held in 2005 that the "burden of proof in an administrative hearing challenging an IEP is properly placed upon the party seeking relief." Schaffer v. Weast, 126 S. Ct. 528, 537 quoted in L.E. v. Ramsey Bd. of Educ., 435 F.3d 384, 391 (3d Cir. 2006).

The parents argue that the appropriateness of the IEPs is not in issue; they contend that the District failed to implement them, thus denying N.F. FAPE.  The parents did not pursue a due process hearing as to either IEP(and it appears that in addition to the difficulties facing N.F., the family had to deal with additional challenges, including the mother suffering from a brain tumor).  Plaintiffs argue, though, that the parties agreed through settlement discussions to placement at the Vista School, which negated the need for a due process hearing because the parties had "otherwise agreed" to a modification of the IEP. The plaintiffs also argue that they never waived their right to FAPE.

The defendant responds that it does not make a waiver argument, and that there was no settlement agreement. The School District frames the issue simply: it offered FAPE, and Plaintiffs have not met their burden of showing that the offered placements in the fall of 2001 and the fall of 2002 were not appropriate.

The rulings for the Summers of 2002 and 2003 have not been challenged, and N.F. is entitled to compensatory education for those periods. With regard to the 2001-02 school year, the evidence in the record does not support Plaintiffs' position. Although the Hearing Officer found that the School District knew the parents were unhappy with the placement and did not offer a new program once N.F. left school, the parents have not shown that the school placement was inappropriate and that the District failed to offer FAPE.

As to the 2002 IEP, the parents did challenge the appropriateness of the IEP's placement of N.F. at the Fairland School but withdrew the request for a due process hearing because N.F. was admitted to Kennedy Krieger. The Appeals Panel found that the parents refused to accept FAPE and home instruction was provided while the parties waited for a hospital placement. The District seems to agree that the home instruction during this period did not amount to FAPE, but maintains that FAPE could have been provided by the Fairland School placement. Although I am concerned that it appears that FAPE was not actually provided

from September 1, 2002 through October 25, 2002, I must conclude that the parents have not met their burden of establishing that FAPE had not been offered to N.F. through the IEP.

An order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


R.F. and J.F., as Parents and   :    CIVIL ACTION
Nearest Friends of N.F.         :
                                :
         v.                     :
                                :
WARWICK SCHOOL DISTRICT         :    NO. 06-0257-JF
```

ORDER

AND NOW, this 15th day of January 2009, upon consideration of the cross-motions for summary judgment and the responses thereto, and after review of the administrative record,

IT IS hereby ORDERED that Plaintiffs' Motion is DENIED and Defendants' Motion is GRANTED.

BY THE COURT:


/s/ John P. Fullam
Fullam,              Sr. J.